IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
EASTERN DIVISION

| | |
|---|---|
| **WILLIE L. WHITE, AND CHARLES EVANS JR.,** on behalf of themselves and others similarly situated, | § CIVIL ACTION NO. 4:07-CV-<br>§ 00018-DPJ-JCS<br>§<br>§<br>§<br>§ |
| **Plaintiffs,** | § |
| v. | §<br>§ |
| **PECO FOODS, INC.,** | §<br>§ |
| **Defendant.** | § |

**PLAINTIFFS' RESPONSE MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO TRANSFER**

It is important to note up front, that subsequent to the filing of Defendant's Motion to Transfer ("Defendant's Motion"), the *Barber* Court in Alabama, on August 22, 2007, denied Plaintiffs' Motion for Notice to Potential Plaintiffs because the Court determined that Plaintiffs at Defendant's Alabama and Mississippi facilities were not "similarly situated" for purposes of proceeding in a single lawsuit. Accordingly, the *Barber* matter is not proceeding as, and can no longer proceed as, Defendant maintains, a multi-plant/multi-plaintiff collective action, and is now, instead, simply an eighteen (18) person lawsuit against Defendant.

It is equally important to note that, since the *Barber* Court's denial of Plaintiffs' Motion for Notice in that action, ***each of the Mississippi individuals*** who initially desired to opt-in to the *Barber* action in Alabama have filed their Consents to Join the respective lawsuits filed in Mississippi (including in the subject action) concerning each of Defendant's respective Mississippi plants at which they worked. Thus, consistent with Defendant's position in *Barber* and indeed, the current litigation, that each case must be decided on a "plant by plant" basis, all Plaintiffs and opt-in Plaintiffs in the instant matter are proceeding in this regard. *See* Defendant's Response to Plaintiffs' Motion for Notice to Potential Plaintiffs at pp. 2 (arguing Motion should be denied because of the filing of the subject action), 16, 21-24 (discussing differences in plants and stating that proceeding in one action would "confuse any jury"), 26 (stating that Defendant maintains different "defenses that vary from plant to plant"), 28 (identifying differences between union and non-union plants), and 29 (referencing the subject action and stating that action should be maintained on a plant by plant basis).

More specifically, Plaintiffs' counsel in the instant matter filed a separate lawsuit against each of Defendant's Mississippi facilities to address the concerns raised by Defendant in *Barber* that all of the cases could not proceed as one litigation. *See id.* Curiously, Defendant, arguing out of "both sides of its [proverbial] mouth" has now rendered a complete "about face" and maintains in its

2

Motion to Transfer here that, contrary to its prior position that all actions should proceed separately, all of these actions should now be transferred and combined in one single court in Alabama that is not permitting a collective action to proceed. In other words, Defendant is now asking this Court to ignore Judge Coogler's opinion on notice in order to force all plaintiffs, regardless of their home plant, to litigate these cases in Alabama.

Defendant's motion should be denied as a matter of law because (1) this case is proceeding as a plant specific collective action (unlike *Barber*); (2) the Plaintiffs and opt-in Plaintiffs in the instant matter have elected to litigate their claims in Mississippi; and (3) Defendant already has conceded that these cases need to proceed on a "plant by plant" basis and Judge Coogler has already concurred.

## **MEMORANDUM OF LAW**

Contrary to Defendant's unsupported musings, it is well settled that courts considering transfer of FLSA cases, unlike other types of lawsuits, disfavor transfer of actions under the "first filed rule." This is because the opt-in mechanisms of the FLSA were created to afford Plaintiffs "considerable control" over where they file their claims. *See Johnson v. Big Lots Stores, Inc.,* Case No.: 04-3201 (E.D. La. Feb. 11, 2005) (Order and Reasons denying transfer to Texas court maintaining similar action); *see also Alix v. Shoney's,* 1997 WL 66771 at *3 (E.D. La. Feb. 18, 1997) (finding that transfer of an FLSA action to transferee

district where a related FLSA action was pending was not in the interests of justice because transferring the action would in effect, force those plaintiffs to opt-in.).

Moreover, it is axiomatic that the analysis under 28 U.S.C. § 1404(a) requires an individualized, case-by-case analysis of convenience and fairness. *See In re Volkswagen AG*, 371 F.3d 201,203 (5th Cir.2004). The moving party bears the burden of proving by a preponderance of the evidence that a transfer is proper in light of the circumstances surrounding the case. *See Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966); *see also In re Triton Ltd. Secs. Litig.,* 70 F.Supp.2d 678, 688 (E.D.Tex.1999) (*quoting TV-3, Inc. v. Royal Ins. Co. of America*, 28 F.Supp.2d 407, 411 (E.D.Tex.1998)("[B]efore this Court can order a [convenience] transfer, the defendants must carry a strong burden to prove that [the convenience] factors clearly favor such a change.").

In making a determination of whether a motion to transfer venue is proper, courts turn to the language of § 1404(a), which speaks to the issues of "the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). The determination of "convenience" turns on a number of private and public interest factors; for example, the private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and

inexpensive. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). On the other hand, the public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *See id.*

Because, the relief sought in the instant action is not the same as that being pursued in *Barber*, Defendant's first filed argument simply is inapplicable. Moreover, because each of the above identified factors weighs in favor of keeping the subject action before this Court, Defendant's Motion to Transfer should be denied.

A.  **PLAINTIFFS' DECISION TO FILE PLANT SPECIFIC LAWSUITS IN THIS COURT SHOULD NOT BE DISTURBED**

"It is clear under Fifth Circuit precedent that the plaintiff's choice of forum is clearly a factor to be considered but in and of itself it is neither conclusive nor determinative." *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir.2003) (*citing Garner v. Wolfinbarger*, 433 F.2d 117, 119 (5th Cir.1970)). However, in any event, it is safe to say that ordinarily, "plaintiff's choice of forum is given significant weight and will not be disturbed unless the other factors ... weigh substantially in favor of transfer." *Robertson v. Kiamichi R.R. Co., L.L.C.*, 42 F.Supp.2d 651, 655-56 (E.D.Tex.1999).

It is important to consider that, unlike the Plaintiffs in *Barber*, the Plaintiffs and opt-in Plaintiffs in the subject action filed their lawsuit here in Mississippi. They did so because this is where these individuals live/lived, work/worked for Defendant, and where the cause of action (overtime violations of the FLSA) accrued. It is for this reason alone that justice mandates that Plaintiffs' choice of forum be honored in this regard- not disturbed. Defendant has provided no evidence, absolutely none, that would support the conclusion that transfer of Plaintiffs' claims to a forum in Alabama would be appropriate or even anything short of inconvenient. *See id.* Thus, Defendant's Motion to Transfer should be denied on this basis alone.

B. **A SIMPLE ANALYSIS OF THE PRIVATE TRANSFER FACTORS WEIGHS HEAVILY AGAINST TRANSFERRING THESE CASES TO ALABAMA**.

In turning to the next stage of the analysis, it is equally important to note that all of the private factors to be addressed in considering whether to transfer this action weigh in favor of non-transfer. First, much of the evidence at issue in this case is located in Mississippi; that is, all of the witnesses, all of the time records and many of the relevant policies (Defendant maintains each plant is different- *see e.g.,* Defendant's Response to Motion for Notice in *Barber* at pp. 2, 16, 21-24, 26, 28-29) and most importantly, the location of the plant which will need to be examined by time study and other experts are located in this jurisdiction—not

6

Alabama. To transfer this case to Alabama would be incredibly prejudicial and wasteful of the parties resources because, in essence, the parties would be litigating an exclusively Mississippi based claim in Alabama for no apparent reason–in light of Judge Coogler's opinion, Defendant's argument makes no sense. *See League of United Latin American Citizens v. Clements*, 986 F.2d 728, 737 (5th Cir.), *on reh'g*, 999 F.2d 831 (5th Cir.1993), *cert. denied*, 510 U.S. 1071 (1994) (Venue rules should afford a party protection from being forced to litigate an action remote from the place where the events underlying the controversy occurred and the place where the evidence is most likely available).

Moreover, the compulsory process would be rendered meaningless as the subpoena power to bring individuals/witnesses into Alabama from Mississippi would be futile; specifically, because of the distance between the two states, witnesses would not be subject to subpoena power to compel their attendance in Alabama if they reside in Mississippi. Again, this factor weighs in favor of non-transfer. Moreover, as to those witnesses who want to attend the litigation of this matter (presumably the named Plaintiffs and opt-in Plaintiffs), the expense of a transfer is entirely prohibitive. This is because the subject Plaintiffs and opt-in Plaintiffs are low paid hourly workers who reside in Mississippi, and who could neither afford to take time off from work to travel to Alabama for discovery and

then, perhaps a lengthy trial, nor pay for the gas and lodging expenses accompanied by such travel to Alabama.

Finally, to the extent Plaintiffs and opt-in Plaintiffs would be required to travel to Alabama to litigate their Mississippi claims, such an act would have the affect of discouraging these individuals from participating in the lawsuit for cost reasons alone; why would a Mississippi Plaintiff or opt-in Plaintiff elect to spend – potentially thousands of dollars on lodging and traveling to Alabama when their total claim may be worth as much as their travel expenses?

The totality of the circumstances demonstrates that Defendant's proposed transfer has no basis in law or fact considering all of the relevant witnesses, documents, and even the plant at issue are here in Mississippi. Thus, for the above reasons, Defendant's Motion to Transfer should be denied.

C. **PUBLIC INTEREST TRANSFER FACTORS DEMONSTRATE THAT DEFENDANT'S MOTION SHOULD BE DENIED**

Unlike in *Barber*, the subject matter is based exclusively upon Mississippi facts, Mississippi evidence, and most importantly, Mississippi jurisdictional substantive and procedural law. Thus, if these claims are transferred to *Barber* in Alabama, that court will necessarily have to reconcile the hybrid analysis of Eleventh Circuit precedent compared to Fifth Circuit precedent addressing the substantive compensability of donning and doffing issues, union provisions, and walking time as both Alabama and Mississippi workers will be involved. ***To the***

*contrary,* in this action, the only analysis before this Court is based upon Fifth Circuit and Supreme Court precedent on these issues because only Mississippi workers are involved. To transfer this action to Alabama in light of these considerations would not only require the Alabama *Barber* court to address these additional legal issues not currently at issue there, but it would also frustrate the public intent of having "localized interests decided at home." Moreover, such a transfer would be contrary to the obvious situation that this Court, not an Alabama court, is more familiar with the law applicable to Mississippi workers. Finally, by refusing to transfer this action to Alabama, this Court, as discussed above, will avoid the necessary and obvious conflict of laws that will occur in Alabama as the substantive case law at issue is different between the Fifth and Eleventh Circuits.

Considering Defendant's arguments in *Barber* that these cases should proceed on a "plant by plant" basis, along with the *Barber* court's decision that differences between the plants required denial of class notice to Alabama and Mississippi workers in a single action, the fact remains that Plaintiffs in the instant matter are proceeding properly here by maintaining a single plant action in Mississippi where the facts, witnesses, and evidence reside, as well as the location of where the violations occurred. For this reason, Defendant's Motion to Transfer should be denied.

## **CONCLUSION**

For the reasons discussed above, Plaintiffs respectfully request that this Court deny Defendant's Motion to Transfer. Neither the private nor public factors to be considered support Defendant's request for same in any regard.

Respectfully submitted this 17th day of September 2007.

**MIKE ESPY PLLC**

**/s MIKE ESPY**
Mike Espy
Lamar Life Building
317 E. Capitol Street, Suite 101
Jackson, MS  39201
(601) 355-9101 – Phone
(601) 355-6021 – Facsimile

MORGAN AND MORGAN, P.A
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone:  954-318-0268
Facsimile:   954-333-3515
E-mail:    Richard@cellerlegal.com

**/S RICHARD CELLER**
RICHARD CELLER
Fl. Bar No.: 0173370

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2007, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which I understand will sent notification of such filing to all counsel of record:

/s/ RICHARD CELLER
**RICHARD CELLER**