IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WILLIE L. WHITE, individually and
on behalf of all others similarly situated                                                              PLAINTIFF

v.                                                                           CIVIL ACTION # 4:07cv18-KS-MTP

PECO FOODS, INC.                                                                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion to transfer pursuant to the federal first-to-file rule [# 17] filed by the Defendant Peco Foods, Inc. Because a case involving substantially similar parties and substantially similar issues was originally filed in Northern District of Alabama, the motion to transfer should be **granted**.

### I. FACTUAL BACKGROUND

This case involves the way an employee's working time is calculated by a chicken processing plant. Employees of the plant allege that their employer illegally denied them overtime by not compensating them for numerous work activities. The plant owner claims that these activities are *de minimis* or otherwise not compensable.

Peco Foods, Inc. ("Peco") owns and operates five poultry processing plants relevant to this case. The plants and locations include: Sebastopol, Mississippi; Brooksville, Mississippi; Bay Springs, Mississippi; Canton, Mississippi; and Tuscaloosa, Alabama.

In his complaint, Willie L. White and others similarly situated ("Plaintiffs") at the Bay

1

Springs plant allege that their employer Peco violated the Fair Labor Standards Act ("FLSA"). Specifically, they claim that Peco "uniformly denies hourly wages and overtime premium pay to its employees by requiring them to perform 'off the clock' work." Pl.'s Compl. ¶ 4 (Feb. 9, 2007).

Six months prior to the commencement of this action, certain workers at Peco's Mississippi and Alabama plants brought a similar lawsuit against Peco. On October 12, 2006, workers at each of the five facilities identified above filed suit against Peco in the Northern District of Alabama, in an action styled *Barber, et al. v. Peco Foods, Inc.*, 7:06cv02054. In their complaint, the workers also alleged violations of the FLSA. Specifically, they claimed that Peco's "failure to pay Plaintiffs for all hours worked is a direct violation of the FLSA statutes and regulations." Def.'s Ex. 1 ¶ 10 (Aug. 21, 2007). The plaintiffs in the Alabama case sought to certify their claims as a collective action against Peco. But the Alabama court denied the plaintiffs' attempt to conditionally certify the class because they were not similarly situated to one another or the prospective opt-in plaintiffs.

Following that ruling, the plaintiffs decided to reorganize their litigation. The Alabama court allowed all of the potential opt-in plaintiffs to withdraw their consent, leaving only the named plaintiffs to pursue their claims in the Alabama forum. A number of these previous opt-in plaintiffs, as well as others, then filed actions against each individual Peco plant in the Southern District of Mississippi.

Now pending before the Court in the Southern District of Mississippi are four separate cases against Peco. Each case is brought by plaintiffs from a particular Peco plant for unpaid wages in violation of the FLSA. These cases include *Luckett v. Peco Foods, Inc.*, 3:07cv85

(Canton plant), *Pace v. Peco Foods, Inc.*, 3:07cv86 (Sebastopol plant), *White, et al. v. Peco Foods, Inc.*, 4:07cv18 (Bay Springs plant), and *Brown, et al. v. Peco Foods, Inc.*, 4:07cv99 (Brooksville plant).  Each complaint makes identical allegations that Peco uniformly denies hourly wages and overtime premium pay to its employees in requiring them to perform off-the-clock work.

Separately and in each pending case, Peco now asks the Court to transfer each of these cases to the Northern District of Alabama.  They argue that the first-to-file rule makes the Alabama district court the proper venue for deciding each case.  The Plaintiffs respond by arguing that a transfer of venue is improper based on the factors pursuant to 28 U.S.C. § 1404(a).

## II.  STANDARD OF REVIEW

When related cases are pending before two federal courts, the first-to-file rule instructs the court with the later-filed action to transfer it to the first-filed forum. *American Bankers Life Assurance Co. of Fla. v. Overton*, 128 Fed. Appx. 399, 403 (5th Cir. 2005).  The rule is based on "principles of comity and sound judicial administration." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).[1]  The purpose of the rule is "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf Maritime Ass'n v. ILA Deep Sea*

---

[1] "The federal courts have long recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (internal citations omitted).

*Local 24*, 751 F.2d 721, 729 (5th Cir. 1985).[2]  The rule permits transfer between divisions in the same federal district as well as districts organized under different federal circuits. *See Firstliner Indus., Inc. v. Ground & Pipe Tech., LLC*, 2005 WL 2861002 at *2 (S.D. Tex. Oct. 31, 2005).

When a party moves to transfer under the first-to-file rule, the second-filed court must examine the two pending cases to see if the subject matter "might substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999).[3]  The first-to-file rule "does not, however, require that cases be identical," but merely that there is a "substantial overlap" in issues and parties.  *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).[4]  If the likelihood of substantial overlap exists, then "the proper course of action [is] for the [second-filed] court to transfer the case" to the first-filed court.  *Id.*[5]  The first-filed court can then decide

---

[2] The rule is used to "maximize judicial economy and minimize inconsistencies by refusing to hear a case raising issues that might substantially duplicate the issues raised by a case filed previously and still pending in another federal court." *Young v. Lefleur Transp. of Tupelo*, 2002 WL 31992189 at *1 (N.D. Miss. Nov. 18, 2002) (internal citations omitted).

[3] *See Datamize, Inc. v. Fid. Brokerage Serv., LLC*, 2004 WL 1683171 at *3 (E.D. Tex. Apr. 22, 2004) ("In deciding whether to apply the first-to-file rule, the Court must resolve two questions: (1) are the two pending actions so duplicative or do they involve such substantially similar issues that one court should decide the subject matter of both actions, and if so, (2) which of the two courts should take the case.").

[4] *See also L-3 Communications Integrated Sys., L.P. v. Lockheed Martin Corp.*, 2008 WL 89659 at *2 (N.D. Tex. Jan 8, 2008) (applying rule to antitrust and tortious interference claims in one forum and misuse of trade secrets and breach of license claims in another forum); *In re Enron Corp. Securities, Derivative, and ERISA Litig.*, 2007 WL 4365756 at *5 (S.D. Tex. Dec. 10, 2007) (finding "substantial overlap of key issues" sufficient for transfer to first-filed forum); *Justin v. Metro. Life Ins. Co.*, 2000 WL 1741858 at *2 (E.D. La. Nov. 20, 2000) (applying rule to "nearly identical" classes of individuals making "nearly identical factual allegations").

[5] "The first-to-file rule applies when two actions involve closely related questions or subject matter or the core issues substantially overlap, but the core issues do not need to be identical." *Mediatek, Inc. v. Sanyo Elec. Co., Ltd.*, 2006 WL 463871 at *1 (E.D. Tex. Feb. 17, 2006).

"whether the second suit filed must be dismissed, stayed, or transferred and consolidated." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997). A party can only avoid application of the first-to-file rule by demonstrating the presence of "compelling circumstances" that caution against the transfer. *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971).

### III. APPLICATION & ANALYSIS

Applying the first-to-file rule to the current case, it is highly likely that issues and parties from the first-filed action might substantially overlap those presented in this case. Both are actions brought by current and former employees against their common employer, based on Peco's alleged violations of the FLSA. More specifically, the plaintiffs in both actions assert that they were improperly denied pay for time they spent donning and doffing protective and sanitary clothing, as well as time spent navigating security checkpoints and walking to and from their respective break areas. They both claim that Peco's failure to properly calculate their hours worked at their respective plants has denied them fair compensation under the FLSA.[6]

The decisions faced by the court hearing these cases include, but are not limited to: (1) whether 29 U.S.C. § 203(o) would exclude donning and doffing from "hours worked" because of an express term, custom, or practice under a collective bargaining agreement; (2) whether putting on smocks, hairnets, or other sanitary coverings is "work" that is compensable; and (3) the

---

[6] When the overlap is significantly less complete, at least one district court compared the respective forums to resolve the first-to-file inquiry. *See Amalgamated Gadget, L.P. v. Healthsouth Corp.*, 2004 WL 1283949 at *1 (N.D. Tex. June 9, 2004) (examining "the comparative advantage and interest of each forum in resolving the dispute" when "[n]either the issues nor the parties are identical in the present action and the [first-filed action]").

properly calculated "time worked" by employees engaged in the disputed activities. The possibility that the first-filed court could decide these issues differently than this Court presents each of the problems the first-to-file rule is applied to avoid. Employees that remain joined in the first-filed forum risk obtaining different relief for identical injuries suffered by their co-workers who are joined to one of the four Mississippi actions. The enforcement of different judgments within the same plant threatens to trench upon the authority of a sister court with coordinate jurisdiction and equal rank, as the two courts risk contradictory decisions on the same subject matter. And even if the possibility of incompatible judgments were ignored, there remains the unavoidable duplication of effort in having separate courts work to arrive at the same decision. Each of these factors instruct the Court that application of the first-to-file rule is proper.

      In briefing the instant motion based on the first-to-file rule, the Plaintiffs ignore the factors relevant to that analysis and instead argue that the elements of 28 U.S.C. § 1404(a) make a transfer of venue improper. Although they are correct in noting that many of the factors relevant to the § 1404(a) motion are not present, they are mistaken to base their entire argument against transfer on the statute. As other district courts have pointed out, a motion to transfer pursuant to the first-to-file rule does not depend on the presence or absence of the § 1404(a) considerations. *See Fuller v. Abercrombie & Finch Stores, Inc.*, 370 F. Supp. 2d 686, 690-91 (E.D. Tenn. 2005). Because the Plaintiff's action will be transferred under the first-to-file rule, the Court does not address, and expresses no opinion on, whether a transfer pursuant to § 1404(a) would be proper.

## IV. CONCLUSION

To properly apply the first-to-file rule, the district court need only find that substantial overlap is likely between its case and a pending case in another federal court that was filed previously. Because the instant case substantially overlaps a case previously filed in the Northern District of Alabama, the Court transfers this action to that forum for resolution of all pending issues.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the motion to transfer [# 17] pursuant to the first-to-file rule is **granted**, and the above-styled action is **transferred to the Northern District of Alabama**.

SO ORDERED AND ADJUDGED on this, the 22nd day of February, 2008.

*s/Keith Starrett*
United States District Judge